No. 13099

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF THE ESTATE OF
MALINUS E. GUDMUNSEN, Deceased.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

Hutton, Sheehy and Cromley, Billings, Montana
John C. Sheehy argued, Billings, Montana

For Respondent:

William A. Blenkner and C. Ed Laws, Columbus,
Montana
Luxan, Murfitt and Davis, Helena, Montana
Walter S. Murfitt argued, Helena, Montana

---

Submitted: December 2, 1975

Decided: JAN 14 1976

Filed: JAN 14 1976

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Stillwater County, refusing to admit to probate the purported holographic will of Malinus E. Gudmunsen, deceased.

Malinus E. Gudmunsen died as a result of a fire in his farm home near Rapelje, Montana. The death certificate set the date of death as December 14, 1972.

On January 10, 1973, Bruce Henderson, respondent, was appointed special administrator of the estate of Malinus E. Gudmunsen. In January, 1973, respondent went to Gudmansen's farm house and gathered what appeared to be the valuable papers of Gudmunsen, taking them home for sorting. Among these papers he found a document, written on tablet paper, in Gudmunsen's handwriting, which appeared to be an attempt by Gudmunsen to make a last will and testament. This document was in a burned condition, with the edges having been singed and partially burned away. A copy of the document is here reproduced:

Know by these presents

#\_2288\_

FILED\_\_\_\_\_ MAR 21 1974

Betsy Walton \_\_\_Clerk

BOOK 4 PAGE 220

Know all men by these presents,
That I, Malina E Gudmunsen, known as
Mack E Gudmunsen of Columbus, Stillwater
Co. Montana, do make, publish and
this my will, I give, bequeath
nine, Arla Pannkuk of 4124 north 43
Omaha, Nebr, the following security
$5,000.00 and interest, issued by Federal Inter
credit Bank of Spokane Wash. Secured
certificate no 442 Dated May 4th 1970.
notify M.P.C.A of Billings Mont, also Farm
Grain Terminal asso consisting of amt 1,110.
certificate no P. 1896 bearing 6% payable two
times a year,
To Andrew Campbell and family the follow
contract forded on Ranch Sold to K. C Cumins
wife, $3,000. due Yearly payments beginning Oct 1
bearing 6%. I interstate Products Co Inc. $3500
Rapelje Farmers union Oil Co. certificate
3 Shares These Shares may not be
worth anything,

Malina E Gudmn

- 3 -

Appellant, Andrew Campbell, was the stepson of Gudmunsen; was never adopted by him, but lived with him from age 12 until entering the armed forces during World War II at age 28. The record is uncontradicted that appellant and Gudmunsen were on very friendly terms and frequently visited each other. Testimony in the record indicates appellant was the natural and desired person to whom Gudmunsen wished to leave his property.

On March 21, 1974, respondent filed in district court his petition for letters of administration, filing the purported will for informational purposes. On April 1, 1974, appellant filed his contest to respondent's petition and a cross-petition for letters of coadministration. A hearing was held May 7, 1974, on the petitions. On June 12, 1974, the district court entered its order denying the contest and cross-petition of appellant and refusing probate of the purported holographic will. Respondent's petition for letters of administration was granted. Appellant appeals the order.

The issue presented for review by this Court is whether a document purported to be a holographic will is valid as a last will and testament in Montana if said document is totally without a date.

A holographic will is defined in section 91-108, R.C.M. 1947, as

> " * * * one that is entirely written, dated, and
> signed by the hand of the testator himself. * * *"

There is no question that under section 91-108, a date, in the testator's handwriting, is required in order to have a valid holographic will. The plain language of the statute says so. The date need not be complete, so long as the month and year are present, In re Irvine's Estate, 114 Mont. 577, 139 P.2d 489; but the date must contain at least the month and year, Estate of French, 137 Mont. 228, 351 P.2d 548; well

known abbreviations of the date are sufficient, so long as not written in a confusing manner, 94 C.J.S. Wills § 205, p. 1045; In re Van Voast's Estate, 127 Mont. 450, 266 P.2d 377. In any events in Montana under section 91-108, a date, written in the testator's handwriting is a prerequisite for holding a purported holographic will valid.

An examination of the face of the purported holographic will reveals no date. The burned portions of the document do not provide sufficient space for the decedent to have written out the date in full nor even abbreviations of the date. All dates in the body of the document are written out in full. We agree with the finding of the district court that no date appeared on the document prior to its partial destruction or at the present time.

Appellant argues that a will is to be construed according to the intention of the testator and his intentions are to be carried out to their fullest extent possible. Section 91-201, R.C.M. 1947. He also argues intestacy is to be avoided and of two modes of interpretation of a will, the mode preventing total intestacy is preferred. Section 91-210, R.C.M. 1947. He argues further that constructions which lead to intestacy are not favored and such interpretation should come, if reasonably possible, to be placed upon a will as will prevent that result. In re Spriggs' Estate, 70 Mont. 272, 225 P. 617. We find no fault with these arguments, but a valid will must exist before it can be construed or interpreted. No valid will exists in this action.

As Chief Justice Brantly stated in In re Noyes' Estate, 40 Mont. 178, 186, 187, 105 P. 1013:

> " * * * It is not for the courts to say that a mode of execution or authentication, other than that prescribed by law, subserves the same purpose, and is equally efficient to validate the instrument. The legislative mandates are supreme, and there is no right to make testamentary

disposition except upon compliance with those mandates. * * *"

The Chief Justice continued:

" * * * After the writing is shown to have been executed and authenticated by observance of the technical requirements which the legislature has imposed, then the instrument will be construed liberally in order to give effect to the testator's intention. Upon the application for probate, however, the sole inquiry about which the court is concerned is whether these requirements have been complied with. The courts may not, therefore, out of regard for the supposed intention of the testator, however clearly it may be manifested by the attendant circumstances, adopt a rule which would open the way for the same frauds which the statute was designed to prevent. * * *"

We reaffirm this reasoning.

Appellant argues the Uniform Probate Code (U.P.C.), effective July 1, 1975, is applicable to the purported will and the probate contest. We do not agree.

The pertinent statutory language is contained in section 91A-6-102, R.C.M. 1947:

"Effective date. (1) This code takes effect July 1, 1975.

"(2) Except as provided elsewhere in this code, on the effective date of this code:

"(a) the code applies to any wills of decedents dying thereafter;

"(b) the code applies to any proceedings in court then pending or thereafter commenced regardless of the time of the death of decedent except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedure of this code;

" * * *

"(d) an act done before the effective date in any proceeding and any accrued right is not impaired by this code. * * *" (Emphasis added.)

By this language, the legislature intended the procedural rules of the U.P.C. should apply to any probate proceeding pending or commenced after July 1, 1975. The substantive rules of

- 6 -

the U.P.C. are not given retroactive or retrospective effect, but only apply to the wills of decedents dying after July 1, 1975.

All proceedings in the probate of/the will of Malinus E. Gudmunsen, excepting this appeal, occurred prior to July 1, 1975. He died on December 14, 1972. Respondent's petition was filed March 21, 1974, and appellant's contest and cross-petition were filed April 1, 1974. The hearing was held May 7, 1974, and the order was entered June 12, 1974.

The new definition of a holographic will, section 91A-2-503, R.C.M. 1947, would not apply to the purported holographic will in this action, since the decedent died prior to the effective date of the U.P.C. Due to the inapplicability of the U.P.C. to this action we need not determine whether a date is required on a holographic will under the U.P.C.

It is a difficult decision to declare a will invalid which clearly contains the desires of a testator as to the distribution of his property to those he felt closest to in life, especially when those persons will receive little or nothing by way of intestate succession, but what was said by Chief Justice Johnson in his dissent in In re Irvine's Estate, 114 Mont. 577, 594, comes to mind:

> "It is a well known saying that hard cases make bad law, meaning that the sympathies of judges sometimes tend to interfere with their impartial application of legal rules, as where the natural disappointment of a prospective legatee is permitted to obscure the fact that the document has not been executed as required by statute and therefore does not constitute a will. However, in the great majority of cases the courts suppress these sympathies in order to keep our government one of laws and not of men."

The order of the district court is affirmed.

_____
Chief Justice

- 7 -

We concur:

_Wesley Castles_

_John Conway Harrison_

_Gene B. Daly_

_Frank I. Haswell_

Justices