No. 13089

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF THE ESTATE OF
ETHA WANETA DONOVAN, also known as
Waneta Donovan, E. W. Donovan, and
Mrs. Waneta Donovan,
                    Deceased.

---

Appeal from:   District Court of the Ninth Judicial District,
               Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert Hurly argued, Glasgow, Montana

    For Respondent:

        Sherman and Anderson, Conrad, Montana
        Douglas Anderson argued, Conrad, Montana

---

Submitted:  February 4, 1976

Decided:  FEB 2 4 1976

Filed: FEB 2 4 1976

Thomas J. Kearney
                                        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from an order of the district court, Toole County, the Hon. R. D. McPhillips, district judge, denying a claim to jewelry allegedly passing under a will.

Appellant is Viola Riordan, a legatee under the will of Mrs. Etha Waneta Donovan, deceased. Respondent is Bernice Dahl Lutz, executrix of the estate.

Mrs. Donovan, a resident of Toole County, died on June 12, 1973 leaving a will that she personally drafted dated May 29, 1973. Her estate is appraised in excess of $340,000 and passes to numerous friends and relatives under the terms of her will.

The dispute in this case revolves around the disposition of Mrs. Donovan's diamond engagement and wedding ring set, two diamond dinner rings, a multistone ring, a diamond brooch, a single diamond earring and a gentleman's diamond ring. This jewelry is valued at approximately $8,700. Mrs. Donovan also possessed costume jewelry appraised at $100 that passed under her will.

Paragraph eight of her will provided:

"EIGHTH: I hereby give, devise and bequeath to Viola Riordan five thousand dollars ($5,000), my sewing table, Zenith Color Television set, three pieces of White Samsonite luggage, costume jewelry, cut glass vase and pitcher, all my personal effects and clothes. In the safety deposit box my silver dollars. Also to said Viola Riordan, I give, devise and bequeath all my right, title and interest in the oil and gas royalties and mineral interests which I own on certain lands in Toole and Glacier Counties, Montana." (Emphasis added).

Paragraph twelve of the will authorizes the executrix to sell all of the property that was not bequeathed or devised elsewhere in the will.

On November 16, 1973, the executrix petitioned the district court to determine that the jewelry was not part of the "personal effects" described in paragraph eight and that it should

be sold pursuant to paragraph twelve of the will. Implicit in this petition is the contention that the jewelry was not bequeathed under the words "costume jewelry". An order to show cause why the jewelry should not be sold was issued on November 17, 1973. On December 4, 1973, appellant objected to the proposed sale contending the jewelry was given to her by paragraph eight of the will.

Then, on December 6, 1973, the executrix filed as an exhibit an envelope found in Mrs. Donovan's safety deposit box containing the diamond gentleman's ring, that appellant contends is one of the pieces of jewelry left to her. Mrs. Donovan had written a note on the envelope stating that the ring was to be given to Brian Lenz, when he reached 21 years of age. The executrix petitioned the court to determine whether this ring should be distributed to Brian Lenz as a precatory gift. Appellant objected and prayed that the gift be found void.

On May 13, 1975, the district court held that the gift to Brian Lenz failed for lack of a delivery which would complete the gift. The court also found Mrs. Donovan did not intend to grant appellant the jewelry but instead intended to dispose of it by sale under paragraph twelve of her will. The court issued an order for the sale of the jewelry from which this appeal is taken.

The issue for review is whether the district court was correct in determining that the testatrix did not intend to bequeath her jewelry to appellant.

The crux of this case is the uncertainty in determining what the testatrix meant by the words "costume jewelry" and "all my personal effects". Since the will took effect prior to the adoption of the Montana Uniform Probate Code, the statutes in effect at that time govern the construction of this will. In the Matter of the Estate of Gudmunsen, _____Mont._____,_____P.2d _____, 33 St.Rep. 57.

Section 91-201, R.C.M. 1947, provided:

"A will is to be construed according to the intention of the testator.* * *"

Section 91-202, R.C.M. 1947, provided:

"<u>Intention to be ascertained from will.</u> In cases of uncertainty arising upon the face of a will, as to the application of any of its provisions, <u>the testator's intention is to be ascertained from the words of the will,</u> taking into view the circumstances under which it was made, exclusive of his oral declarations." (Emphasis added.)

Words used in a will are to be taken in their ordinary and grammatical sense, unless there is a clear intention to give them another meaning. Section 91-208, R.C.M. 1947. The definition of costume jewelry, given in Webster's Third New International Dictionary, 1971, p. 515, is:

"Jewelry for wear with current fashions usu. made of inexpensive materials (as metal, shells, plastics, wood) often set with imitation or semiprecious stones."

We hold the jewelry in question is not costume jewelry. It is valued at approximately $8,700 and fashioned of expensive and precious materials. We further hold the words "costume jewelry" were intended to pass only the $100 worth of costume jewelry to appellant in accordance with the definition quoted above, and not the more valuable pieces.

The maxim "expressio unius est exclusio alterius" (the expression of one thing implies the exclusion of another) further supports this construction. This rule of construction has been expressed in this language in Black's Law Dictionary, Revised Fourth Edition, 1968, p. 692:

"When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred."

The express mention of "costume jewelry" indicates that Mrs. Donovan did not intend to include her expensive jewelry in her bequest to appellant. The attempted gift of the gentleman's ring to Brian Lenz is a further circumstance supporting this con-

- 4 -

struction. Even though the attempted gift occurred prior to the drafting of the will, it nonetheless demonstrates Mrs. Donovan's usage of the terms involved.

Next we determine whether the jewelry was bequeathed in the phrase "all my personal effects". Appellant contends that the phrase is general in scope and encompasses the jewelry. We find, however, under the doctrine of ejusdem generis, that the generality of the phrase in and of itself defeats this argument. Ejusdem Generis is a rule of construction. In Aleksich v. Industrial Acc. Fund, 116 Mont. 127, 139, 151 P.2d 1016, this Court stated:

> "The doctrine of ejusdem generis is a well known rule
> of construction to aid in ascertaining the meaning
> of statutes and other written instruments, the doctrine
> being that where an enumeration of specific things
> is followed by some more general word or phrase, such
> general phrase is to be held to refer to things of
> the same kind as those enumerated."

Under this rule of construction the meaning of "all my personal effects" must be restricted to the same class of goods specifically enumerated in paragraph eight of the will. Anno. 30 ALR3d 797, 841; 80 Am Jur 2d, Wills, §§ 1136,1255. The phrase refers only to items of costume jewelry and cannot be expanded to include the testatrix's more expensive jewelry which is of a different type or class.

Appellant asserts the bequest of personal effects means nothing if it does not include this jewelry. This contention is without merit as the types of personal effects referred to are those specifically enumerated in paragraph eight of the will.

In In re Silver's Estate, 98 Mont. 141, 150, 38 P.2d 277, this Court stated:

> "When a will contest is instituted, the contestant
> assumes the position of the plaintiff in a civil
> action, and the burden rests upon him to establish
> the facts which he alleges will warrant the setting
> aside of the intention of the testator, or the
> declaration that the instrument challenged does not
> express that intention, by a preponderance of the
> evidence."

- 5 -

If the contestant fails to meet this burden by producing evidence to support his allegations, the court must rule against him even if his opponent has produced no evidence whatsoever. The sole concern of the trial judge at this point is the strength or weakness of the contestant's case. 1 Bancroft's Probate Practice, 2d ed. §205, pp. 494,495.

Although the instant case is not a will contest in the strict sense of the term, it is a conflict between the executrix of the will attempting to carry out its provisions and another. As such the same rule applies and the burden of proof is on appellant. At the district court level appellant failed to present any expert testimony or evidence that would support her contention that "costume jewelry" includes expensive jewelry with precious stones. No direct evidence was offered to show that Mrs. Donovan intended to bequeath her jewelry to appellant. Appellant did not meet her burden of proof and the district court had no alternative but to rule against her.

The order of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -