No. 13280

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

DONALD W. PATTEN,

Proponent and Appellant,

-vs-

ROBERT L. PATTEN,

Contestant and Respondent.

---

Appeal from:   District Court of the Ninth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Church, Harris, Johnson & Williams, Great Falls,
Montana
Cresap S. McCracken argued, Great Falls, Montana

For Respondent:

Alexander, Kuenning, Miller and Ugrin, Great Falls
Montana
Neil E. Ugrin argued, Great Falls, Montana

---

Submitted: June 2, 1976

Decided: DEC 30 1976

Filed: DEC 30 1976

Thomas J. Kearney
Clerk

Hon. Edward T. Dussault, District Judge, sitting in place of Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

This is an appeal from a judgment entered by the District Court, Pondera County, denying admission to probate of a typewritten document purporting to be the Last Will and Testament of Ella D. Patten, deceased, and denying that a handwritten instrument was a codicil republishing the Will.

Ella D. Patten, a widow, and a long-time resident of Pondera County, and mother of Donald W. Patten, proponent and appellant, and Robert D. Patten, contestant and respondent herein, went to her doctor's office in Conrad on July 6, 1970, in keeping an appointment with her physician, Dr. Fletcher.

On that occasion she brought with her a two-page typewritten document, and after being attended by her doctor, a request was transmitted to the office staff to witness her Will.

The typewritten document consisted of two pages dated July 6, 1970, with the signature of decedent at the bottom of the first page and the attestation clause, in the usual form, was at the top of the second page and contained the signatures of Norma Sangray, Alice G. Morley, and Grace E. Elings, all members of the office staff of decedent's doctor in Conrad, Montana.

Also on the first page, in the second typewritten paragraph pertaining to "my executor hereinafter named," there appears no typewritten name of any person, but instead, the name of "Donald W. Patten" in pen and ink and on the margin a signature, Ella D. Patten, and at the very bottom of the first page a signature, Ella D. Patten.

The other instrument consisted of a piece of paper on which appeared, all in handwriting, this statement: "I request that (name inserted is omitted) be not employed to probate my estate. Ella D. Patten, Feb. 14th, 1973."

Ella D. Patten died September 14, 1973, and the purported Will and handwritten instrument were found in decedent's safety deposit box in a Great Falls bank by Donald W. Patten, proponent, who later filed the purported Will and Codicil for probate. Robert D. Patten contested the probate and subsequently the matter was heard before the District Court in Conrad, Pondera County, Montana, with a jury. The trial commenced on March 18, 1975. After the jury of twelve was selected and the opening statement of counsel for the proponent was made, the purported Will of decedent was marked as Proponent's Exhibit 1, and the handwritten instrument was marked Exhibit 2.

Much of the testimony at trial centered around the circumstances of the execution of the Will--whether Ella D. Patten actually did subscribe or sign her name in the presence of the witnesses, or whether she acknowledged that the document had been signed by her prior to the signing by the witnesses, and whether she declared it to be her Will.

The handwritten instrument was not testified to at great length by the witnesses from the medical staff; whether it is a codicil republishing the Will or a simple request not to employ a certain attorney.

The first witness called for the proponent was Mrs. Norma Sangray, the Medical Assistant for Dr. Fletcher, who had been employed as such for about two years prior to July 6, 1970, and whose signature as a witness appeared first following the formal attestation clause. Upon being shown the second sheet or page of the proported Will, the witness recognized her signature and that of the other two witnesses but was unable to state that all three signed in the presence

-2-

of the decedent and in the presence of each other, or that she really knew it was the decedent's Will, because if it had been, "it would have been a very ceremonial thing and would have stuck in my mind."

The second witness to be called by the proponent was Mrs. Alice C. Morley, who had worked for Dr. Fletcher since March 1970, a period of about four months, and her testimony was less effective than that of the other two witnesses. She likewise testified that she did not know the decedent; did not see the signature of the decedent or any part of the Will except the second page when all three witnesses signed.

The third witness to be called by proponent was Mrs. Grace E. Elings, who is a nurse in Dr. Fletcher's office and had been for about five years prior to July 6, 1970, and was there on that date and identified her signature as the last one on page 2 of the document. She testified she had known the decedent nearly all her life and knew she had done legal work, and the manner of her folding the first page under the second was typical of the privacy she desired regarding her personal affairs.

Mrs. Elings further testified she did not see the first page of the purported Will, she did not read the attestation clause, that the witnesses did not sign in the presence of each other, and that Mrs. Patten stood all the time this was going on and had stated to her "Everything is in order."

Donald W. Patten, the proponent, was the last witness to be called and testified in his own behalf as to his finding the proported Will and the proported Codicil in his mother's safety deposit box in a Great Falls bank, all among approximately 20 to 25 other papers and documents therein. He also testified that the handwritten document was not attached to the Will.

-3-

Thereafter, proponent moved the admission of Exhibits 1 and 2 into evidence, and that the Will of Ella D. Patten dated July 6, 1970, and the Codicil thereto dated February 15, 1973, be received for probate. This was resisted by counsel for contestant, and, after hearing arguments, the trial Court then admitted Exhibits 1 and 2 for the purposes of the hearing and reserved its ruling with respect to admission of the two exhibits to probate.

The contestant then called Donald W. Patten, the proponent, as an adverse witness and elicited further information from him.

Following the close of the testimony the contestant moved for directed verdict on the grounds that: (1) Exhibit 2 on its face was not a codicil; (2) that Exhibit 2 is not a testamentary document and makes no testamentary disposition if there is to be any republication; (3) that Exhibit 2 was not physically annexed to nor endorsed on the Will, Exhibit 1, nor did it refer in any manner to Exhibit 1; (4) that Exhibit 1, the proported Will, was not executed in the manner provided by law.

The trial Court denied the motion in reference to Exhibit 2, stating it was probably a question of law and not of fact, but the question would be submitted to the jury as a fact-finding body, and that Exhibit 1 would be submitted also to the jury as to the facts surrounding its execution, under proper instructions and interrogatories to be included in a special verdict.

Contestant objected to interrogatories Nos. 3, 8, and 9 on the grounds there was no testimony supporting interrogatories No. 3, and that interrogatories Nos. 8 and 9 would tend to invite speculation by the jury on questions of law alone.

The Court gave proponent's instruction No. 4 as

modified at contestant's request, as shown by the underlining

thereof; which instruction reads as follows:

> "With a few exceptions not involved in this case, a person making a Will may dispose of his or her property in any way he or she sees fit, provided the requirements of the law are followed."

During its deliberations, the jury sent to the Court

a note:

> "In reference to Instruction No. 4, what are the requirements of the law pertaining to a Will?"

The Court returned a note to the jury reading:

> "To the Jury:
>
> It is not necessary that you have the requirements of the law to make a valid Will. If you answer the questions contained in the special verdict, the Court will determine whether or not the Will is valid as a matter of law."

The special verdict contained the interrogatories as

submitted and the answers, as follows:

> "1. Did Ella D. Patten sign or subscribe her name at the bottom of the first page of the document Exhibit #1 in the presence of any two of the witnesses: Norma Sangray, Alice E. Morley, Grace E. Elings?
>
> ANSWER: No.
>
> "2. If your answer to question numbered 1 is 'no', did any two of the witnesses, Norma Sangray, Alice E. Morley, Grace E. Elings, actually see the name of Ella D. Patten now appearing at the bottom of the first sheet of the document?
>
> ANSWER: No.
>
> "3. Did any two of the three witnesses have an opportunity to see the signature now appearing at the bottom on sheet one of the document?
>
> ANSWER: Yes.
>
> "4. Did Ella D. Patten at the time any two of the witnesses, Norma Sangray, Alice E. Morley, Grace E. Elings, signed their names on the second sheet acknowledge to such witnesses that the document had been signed by her?
>
> ANSWER: No.

"5. Did Ella D. Patten declare or by her acts or conduct communicate to two witnesses before their respective signatures were placed on Exhibit #1, sheet two, that the document was her will?

ANSWER: Yes.

"6. Did the witnesses, Norma Sangray, Alice E. Morley, and Grace E. Elings, each subscribe their respective names to sheet two of the document in the immediate presence of the other two witnesses.

ANSWER: No.

"7. Did at least two witnesses sign their names to Exhibit #1 at the request of Ella D. Patten and in her presence?

ANSWER: Yes.

"8. Did Ella D. Patten by placing Exhibit #2 in her safety deposit box with Exhibit #1 intend thereby to modify, refer to, or add to Exhibit #1?

ANSWER: Yes.

"9. Did Ella D. Patten intend to nominate Donald W. Patten as executor of her estate by writing in his name at paragraph 'SECOND' of exhibit 1?

ANSWER: Yes."

After receipt of the special verdict, the court entered a judgment denying probate to the Will and ruled the codicil out as a testamentary document.

This appeal followed.

Appellant urges three basic propositions upon the Court in support of his appeal.

First: The Court erred in refusing the jury instructions on the law they needed to know in making their decision on the interrogatories, the text of which necessarily interweaves some law and fact.

Appellant has reference to his proposed instructions No. 2 thru 7.

The refused instructions read as follows when originally proposed with amendments suggested during the course of

-6-

settlement of instructions:

Proponent's proposed instruction 2:

It is the policy of the law to sustain Wills, if possible to do so, and every reasonable presumption will be indulged in favor of due execution of a Will.

Proponent's proposed instruction 3:

The purpose of a statute and prescribing formalities for the execution of Wills is to guard against and prevent mistake, imposition, undue influence, fraud, or deception, and to afford means of determining authenticity. Therefore, a substantial, rather than literal compliance with each of the various statuatory formalities is sufficient.

Proponent's proposed instruction 4:

Our law does not require that the witness to a Will see (or remember having seen) the maker's signature if the maker in any manner consistent with these instructions acknowledges the document to be his Will.

Proponent's proposed instruction 5:

When one acknowledges a Will to be his, he necessarily acknowledges that his signature is thereon.

Proponent's proposed instruction 6:

Acknowledgement of the subscription of a Will may be established by circumstantial evidence equally as well as spoken words. Proof of words, gestures or conduct is sufficient.

Proponent's proposed instruction 7:

Acknowledgement of a Will by its maker can be made in any manner that conveys to the mind of a witness of reasonable intelligence the maker's instruction to acknowledge its execution. Acknowledgement of a Will necessarily acknowledges the maker's signature thereon.

Appellant cites as his authority In Re Bragg's Estate, 106 Mont. 132, 76 P.2d 57. (1938).

The decision in the Bragg Case is not controlling. The big difference in Bragg was that the witness O'Connell read the first page and to the "best memory" of the witness, as distinct from his peculiar ideas about swearing, saw the signature thereon and therefor his testimony alone was

-7-

sufficient to establish the Will under the cases cited by the majority of the Court.

Section 91-903, R.C.M. 1947, specifically provides:

> "The jury, after hearing the case, must return a special verdict upon the issues submitted to them by the Court, upon which the judgment of the Court must be rendered either admitting the Will to probate or rejecting it."

All of the refused instructions, 2 through 7, are merely abstract statements of law. The jury here was not in a position to return a general verdict on the legal sufficiency of the execution of the two page document proposed for probate.

Further, the instructions were defective in some respects.

Section 91-107, R.C.M. 1947, refers to a formal will and is in four readily understood parts:

> "1. It must be subscribed at the end thereof by the testator himself, or some person in his presence and by his direction must subscribe his name thereto;
>
> "2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him or by his authority;
>
> "3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and
>
> "4. There must be two attesting witnesses, each of whom must sign his name as a witness, at the end of the Will, at the testators request, and in his presence."

The requirement of part 1 as quoted above was not satisfied in this case. There is no proof whatsoever that there was any signature subscribed and the hasty assurance that everything concealed "was in order" does not help. It is true that the jury did find that the witnesses did have an opportunity to see the signature but that is not

supported by any evidence. As Mrs. Elings demonstrated the folding of the first sheet under the second sheet made that physically impossible without insulting Mrs. Patten after she had carefully prepared the document to conceal the first page before any witness was called in. Also, Mrs. Patten did not acknowledge to any of the witnesses that the proposed Will had been signed by her.

The requirement of Part 2 of Section 91-107, quoted above, was likewise not satisfied in this case. The attestation clause of Mrs. Patten on Page 2, was not read by any of the witnesses.

The second basis urged by appellant is: the judgment of the court is not supported by the interrogatories; what the court did was tantamount to ignoring the interrogatories and the jury responses.

We believe we have covered this proposition by our discussion in connection with the first basis of proponents appeal.

The third basis of appellant's appeal is: The court erred in failing to appreciate the significance of the holographic codicil which mooted all the questions presented about execution of the basic Will.

The note which appellant refers to as a codicil is clearly not a testamentary document. It does not refer to any Will, it was not attached to or made a part of the purported Will of Mrs. Patten. Clearly, the note of Mrs. Patten did not republish her Will. In the Matter of the Estate of Gudmunsen, _____ Mont. _____, 545 P.2d 146, 33 St. Rep. 57.

The writing of the name of Donald W. Patten on the first page of the Will is presumed to have been made after

execution.    The interlineation bears no date.

The interrogatories No. 8 and 9 were submitted over the strong objections of contestant.  The intentions of Mrs. Patten were not questions for the jury.  These are matters of law for the Court to decide.  The cross appeal and cross assignments of error by the respondent clearly set this out.

After carefully reviewing all the authorities and statutes cited by appellant and respondent we affirm the judgment of the District Court denying probate.

Hon. Edward T. Dussault, District
Judge, sitting in place of Mr.
Chief Justice James T. Harrison.

We concur:

Justices

- 10 -