647 P.2d 655

**In the Matter of the ESTATE OF Raymond L. SCHOCK, Deceased.**

**Raymond D. SCHOCK, Personal Representative of the Estate of Raymond L. Schock, Deceased, Petitioner/Appellant,**

**v.**

**Juanita Dale SCHOCK, Personal Representative of the Estate of Leslie Franklin Schock, Deceased, in her representative capacity and on behalf of William Howard Schock and Raymond Leslie Schock, Respondent/Appellee.**

**No. 2 CA–CIV 4198.**

Court of Appeals of Arizona, Division 2.

June 11, 1982.

John Wm. Johnson & Associates, P.C. by John Wm. Johnson and Jacqueline Wohl, Tucson, for petitioner/appellant.

Gentry, McNulty, Desens & Behrens by James F. McNulty, Jr., Bisbee, for respondent/appellee.

OPINION

HOWARD, Chief Judge.

The determinative issue in this case is whether A.R.S. § 14–2612, which deals with

ademption by satisfaction, applies retroactively to a will executed prior to the enactment of the statute.

In his will executed on June 29, 1951, Raymond L. Schock left 52 percent of his estate to his son, Leslie, and 48 percent in equal shares to his son Raymond D. and granddaughter Jerry Ann. At the time Raymond L. owned, inter alia, 1,040 acres of land.

Five years later, Raymond L. deeded Leslie 400 acres of land. Raymond L. died in 1967 and Raymond D. was appointed executor of his father's will. The estate essentially consisted of the remaining 640 acres of land. Leslie died in 1979. In 1981, Raymond D. filed a "claim of ademption" asking the probate court to determine that the 400 acres which Leslie received during the lifetime of his father be treated as a partial satisfaction of the devise in the 1951 will. The trial court ruled that A.R.S. § 14–2612 governed and that there was no partial satisfaction. We agree.

A.R.S. § 14–2612, which became effective in 1974, states:

"Property which a testator gave in his lifetime to a person is treated as a satisfaction of a devise to that person in whole or in part, only if the will provides for deduction of the lifetime gift, the testator declares in a contemporaneous writing that the gift is to be deducted from the devise or is in satisfaction of the devise, or the devisee acknowledges in writing that the gift is in satisfaction. . . ."

Laws 1973, Ch. 75, § 29 ¶ 5 provides:

"[A]ny rule of construction or presumption provided in this Act [the probate code] applies to instruments executed and multiple-party accounts opened before the effective date unless there is a clear indication of a contrary intent."

■ The "Rules of Construction" in our probate code are contained in Title 14, Article 6 which includes A.R.S. § 14–2612. It is clear, therefore, that A.R.S. § 14–2612 applies to the will executed in 1951. But appellant argues even if A.R.S. § 14–2612 applies to wills executed prior to its enactment, it does not apply if the deceased died prior to the enactment thus raising the presumption of satisfaction where the testator stands in *loco parentis* to the legatee. See Atkinson, Law of Wills, (2d ed.), § 133, p. 737 (1953). Appellant also argues that application of A.R.S. § 14–2612 here violates the due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution since it would destroy a vested property right. We do not agree with either argument.

In the first instance, we note that by the prevailing view, the doctrine of satisfaction does not apply to devises of land. Atkinson, Law of Wills, supra. Secondly, Professor Richard W. Effland, a reporter for the Arizona Legislative Council Committee which drafted the probate code, takes the position that the code rules of construction should be applied in a case like this. In the Arizona Probate Code Practice Manual (2nd ed. 1980) § 5.17, Effland states:

"If a decedent died before January 1, 1974, and a problem now arises as to construction of his will, what statutory rules of construction should be applied? Subparagraph 5 or § 29 reads:

'any rule of construction or presumption provided in this Act applies to instruments executed and multiple-party accounts opened before the effective date unless there is a clear indication of a contrary intent.'

Arguably this could be read together with subparagraph 1 and refer only to wills of decedents dying after the effective date; but as so read, it would be superfluous. The rules of construction in the Code reflect the conclusion of the drafters and the Legislature that they embody what most testators would have intended had they considered the problem; if the testator did consider the problem, he would have made some provision in the will itself, in which case the statutory rules are not applicable. The present Code rules of construction ought, therefore, to be applied even though the testator died before January 1, 1974. They would not apply if the will stated:

'This will is to be construed according to the law of Arizona as of the time of my death' (see wording of § 29 quoted above). And, of course, any rule of will construction yields to a contrary intent when indicated by the will itself (A.R.S. § 14–2603)."

 As far as the "vested property right," we cannot agree that appellant had such a right in a rebuttable presumption which at most creates a mere contingency or expectation. See *In re Dos Cabezas Power District*, 17 Ariz.App. 414, 498 P.2d 488 (1972).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.