No. 83-46

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN THE MATTER OF THE ESTATE OF

AUGUST UNRUH, Deceased.

Appeal from: District Court of the Seventh Judicial District,
In and for the County of Dawson, The Honorable
L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

William B. Sherman, Conrad, Montana

For Respondent:

~~Richard A. Simonton,~~ Glendive, Montana
Cox & Simonton, P.C.

Submitted on Briefs: May 26, 1983

Decided: June 30, 1983

Filed: JUN 3 0 1983

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal comes from the District Court of the Seventh Judicial District, County of Dawson. We are asked to review an order denying probate of certain papers alleged to constitute a holographic will.

August Unruh died in February 1981. After his death, his deceased wife's brother, Raymond Johnson, found an envelope among his personal belongings. The envelope was sealed and contained four pieces of paper. On the outside of the envelope, these words were written; "names and addresses of those to be named in my will." Under these words the signature of August Unruh appears. On each of the four pieces of paper, various names and addresses are listed. It is apparent that there are two lists; one list containing names and addresses of Mr. Unruh's side of the family, and the other containing names and addresses of his wife's side of the family.

On August 9, 1982, Raymond Johnson filed an amended application for formal probate of will and appointment of personal representative. In the application, Mr. Johnson stated that he had been unable to locate a formally executed will and therefore he requested the court to enter an order allowing probate of the envelope and the accompanying four pieces of paper. A hearing was held after which the court entered its order denying the application. We affirm.

Appellant contends that the writings met the statutory requirements of a holographic will, and any question concerning Mr. Unruh's intent could be proved by oral evidence. A holographic will is one that fails to meet the formal requirements of section 72-2-302, MCA. A writing "is valid as a holographic will, whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." Section 72-2-303, MCA. The District Court concluded that there were simply no testamentary provisions. We agree. The papers

- 2 -

are only lists of various individuals. A will is an "instrument by which a person makes a disposition of his property, . . . a legal declaration of a man's intention, which he wills to be performed after his death. . ." Ballentines Law Dictionary, 1371 (3rd Ed. 1969). Here there is no disposition of property. Appellant also argues that testimony from people who knew Mr. Unruh should have been admitted to show that he intended all those persons listed to share equally. However, a valid will must exist before it can be construed or interpreted. In Re Estate of Gudmunsen (1976), 169 Mont. 53, 545 P.2d 146. The envelope and the four papers do not constitute a valid will.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 3 -