**Fred C. SCRIBNER, Jr., et al.**

v.

**Charles William BERRY, III, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 15, 1985.

Decided March 15, 1985.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Fred C. Scribner, Jr., Christopher E. Howard, Portland, for F.C. Scribner, and Maine National Bank.

Richardson, Tyler & Trough Ellen A. Gorman, Edwin A. Heisler, Eve H. Cimmet (orally), Portland, for Berrys.

Jensen, Baird, Gardner & Henry, Merton G. Henry, Brian C. Shaw (orally), Portland, for Richardses and McClary.

Before ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE and WERNICK, A.R.JJ.

ROBERTS, Justice.

A petition for the construction of the will of Charles William Berry is before us on report from the Cumberland County Probate Court pursuant to M.R.Prob.P. 72. Fred C. Scribner, Jr., and Maine National Bank are co-trustees under the testator's will and were the petitioners in Probate Court. The appellants are the testator's adoptive grandson, Charles William Berry, III, and Charles III's son, Christian Berry. The appellees are the testator's daughter, Margaret B. Richard, and her two daughters, Andrea McClary and Elizabeth Richard. The only issue presented is whether the will confers any interest on the testator's adoptive grandson through the direct application of the Maine Probate Code, 18–A M.R.S.A. (1981), which became effective on January 1, 1981. Because we conclude that the Legislature did not intend to make the code applicable in the circumstances here presented, we decide that the testator's will confers no interest on the testator's adoptive grandson.

The parties have stipulated that, other than the language of the will itself, there exists no direct evidence of the testator's intent with respect to the question of adopted persons taking under his will. The testator died on February 2, 1945. The testator's son, Charles William Berry, Jr. had no children other than Charles III who was adopted in 1949. Charles Jr. died in 1966. Christian Berry is the biological child of Charles III.

The rule of construction during the testator's lifetime was that a testator's reference to "descendants" or "issue" of testator's children did not include an adopted child of the testator's son. *See, e.g., Ziehl v. Maine National Bank*, 383 A.2d 1364 (Me.1978). Thus, we stated:

> When a testator includes within his bounty the "children" of the testator's own child, the law of Maine assigns a "presumptive" meaning which excludes a lawfully adopted "child" of the testator's child.

*Ziehl,* 383 A.2d at 1368; *see also Woodcock's Appeal,* 103 Me. 214, 68 A. 821 (1907). The rule of construction in the Maine Probate Code, however, is that a testator's reference to "descendants" or "issue" of testator's children includes an adopted child of the testator's son. Section 2–611 sets forth a rule of construction that adopted persons are included in class gift terminology in terms of relationship in wills in accordance with the rules for determining relationships for purposes of intestate succession. Section 2–109 provides that an adopted person is the child of an adopting parent for purposes of intestate succession. The parties' disagreement hinges on whether the Maine Probate Code applies because the instant proceedings were initiated after the code went into effect.

The appellants cite section 8–401(b)(2) for the proposition that the January 1, 1981, effective date of the code controls, rather than the date of the execution of the will or the date of the testator's death:

> The Code applies to any proceedings in court then pending or thereafter commenced regardless of the time of the death of decedent except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedure of this Code.

Appellant urges that because the instant proceeding was initiated in Probate Court for Cumberland County in January of 1983, the testator's will must be construed and interpreted pursuant to the terms of the probate code unless there are some special reasons for applying the former rule. However, subsection (b)(2) does not refer to the code rules of construction. Subsection (b)(2) is by its terms only applicable to the code's procedural rules, not its substantive rules. Furthermore, subsection 8–401(b)(5) expressly deals with the rules of construc-

tion. *See Matter of Estate of Gudmunsen,* 169 Mont. 53, 545 P.2d 146 (1976).

The appellants next cite section 8–401(b)(5) which provides:

> Any rule of construction or presumption provided in this Code applies to instruments executed and multiple party accounts opened before the effective date unless there is a clear indication of a contrary intent.

Subsection (b)(5), however, applies to wills executed before the code's effective date only when the testator survives the effective date. First, had the Legislature intended that code rules of construction apply even when the testator dies before the code's effective date, subsection (b)(5) would provide, as does subsection (b)(2), that decedent's date of death is irrelevant. Second, an inference that a pre-code instrument incorporates the code's rules of construction is justified only when the testator has the opportunity to modify his will if he or she disagrees with the code. In addition, the case law indicates that the courts have not generally applied those rules of construction to the wills of decedents who die prior to the code's effective date. *See Matter of Estate of Donovan,* 169 Mont. 278, 546 P.2d 512 (1976); *Matter of Estate of Gardner,* 615 P.2d 1215 (Utah 1980).[1] Moreover, Professor Wellman, Chief Reporter for the Uniform Probate Code, states that "Subsection (b)(5) should not be construed as controlling for the wills of decedents who died before the effective date." 2 *Uniform Probate Code Practice Manual* 603 (R. Wellman 2d ed. 1977). We conclude, therefore, that the testator's will does not confer any interest on his adoptive grandson through the direct application of the Maine Probate Code.

The entry is:

Remanded to the Probate Court with directions to enter judgment in accordance with the opinion herein.

All concurring.

---

1. *But see Estate of Schock,* 132 Ariz. 524, 647 P.2d 655 (App.1982); *Lewis v. Green,* 389 So.2d 235 (Fla.App.1980).