In the Matter of the ESTATE of CATHERINE M. COLE-
MAN, Deceased. CECILE PORTER, Respondent, v. JOHN
A. COLEMAN, Appellant.

No. 10188.
Submitted January 11, 1961. Decided February 10, 1961.
Rehearing Denied March 3, 1961.
359 P.2d 502

Ralph J. Anderson and Stanley P. Sorenson, Helena, for objector and appellant. Ralph J. Anderson argued orally.

Keller & Magnuson (Paul F. Reynolds, Associate Counsel), Helena, for proponent and respondent. Paul F. Reynolds argued orally.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order admitting the will of Catherine M. Coleman, deceased, to probate. The questions presented are whether the instrument is a valid will made with testamentary intent and whether it may be defeated as being conditional.

The instrument offered for probate as a holographic will is written, signed and dated entirely by the hand of the decedent. This instrument reads in total as follows:

"This is to say that, should anything happen to me in my travels, I leave all my clothes, money, jewelry and estate of every kind to my niece, Cecile Porter, after all my expenses have been paid. Cecile to look after all my affairs, etc.

"Catherine M. Coleman

"Mandan, N. D.

"March 2, 1933"

"The envelope in which the instrument was contained bears the following inscription:

"C. M. Coleman, *Personal*

"c/o Cecile Porter."

The respondent, Cecile Porter, has had possession of the instrument since the Spring of 1934 when it was given to her. It was not opened until December 1957, after the death of the decedent.

At the time of her death in Helena on November 26, 1957, Catherine M. Coleman was a legal resident of Montana. Her estate consisted of some personal property in Montana, but the major part of her estate consisted of $8,200 in a savings account in the First National Bank of Dickinson, North Dakota. The respondent, Cecile Porter, filed a petition for probate of this will in North Dakota. Ultimately the North Dakota Supreme Court held that the will was a foreign will and thus not entitled to probate in North Dakota, but rather, should be probated in Montana. In Matter of Estate of Coleman, N.D. 1959, 98 N.W.2d 784.

In 1954 this court, in the case of In re Van Voast's Estate, 127 Mont. 450, 452, 454, 266 P.2d 377, considered the question of whether or not a letter from the decedent to a stepchild was a holographic will. The court cited R.C.M.1947, § 91-108, which provides:

"A holographic will is one that is entirely written, dated, and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

The court stated:

"Since the letter was written, dated and signed entirely in the handwriting of the testator, it was upon its face a valid holographic will, so far as its form was concerned. In re Noyes' Estate, 40 Mont. 190, 201, 105 P. 1017, 26 L.R.A.,N.S., 1145.

"If, then, such letter shows, when read in connection with surrounding facts and circumstances, a testamentary intention, it is a valid holographic will. In re Noyes' Estate, 40 Mont. 231, 106 P. 355.

" 'There is no definite fixed rule by which testamentary intent may be gauged. * * * All of the courts lay down the rule that the determination of the testamentary intent is to be made from the writing itself, and most states hold that the surrounding circumstances may be considered, Montana being one of the latter.' In re Augestad's Estate, 111 Mont. 138, 106 P.2d 1087, 1088.

"No particular words are necessary to show a testamentary intent. It must appear only that the maker intended by it to dispose of property after the maker's death. * * *

"* * * So that, in determining whether such letter is a valid holographic will, we must bear in mind that 'of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy.' R.C.M.1947, § 91-210."

This court, in the Van Voast case, concluded that the lower court was correct in holding that the letter was a valid holographic will, made with testamentary intent.

R.C.M.1947, § 91-202, is in point and states: "In cases of uncertainty arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

The court in the Van Voast case also cites with approval In re Tinsley's Will, 1919, 187 Iowa 23, 33, 174 N.W. 4, 7, 11 A.L.R. 826. The Tinsley case states: "In ordinary parlance

it is by no means unusual for a person ·in stating his wishes or giving directions concerning what shall be done in the event of his death, to preface his statement with the expression, 'If anything happens to me,' and in such case no one misunderstands or doubts the meaning of the phrase. Words of this general character have often been considered by the courts, and held sufficient to indicate a testamentary intent.''

The original ground of opposition and contest of the probate was that the instrument did not effectuate a testamentary disposition of the property of the decedent because it lacked testamentary intent. But now on appeal the appellants contend that the phrase ''should anything happen to me in my travels'' makes the will conditional and therefore was to take effect only if anything should happen to her during her travels. They now claim that the decedent intended the will to be operative on that condition, but not otherwise.

In the case of Ferguson v. Ferguson, 121 Tex. 119, 45 S.W. 2d 1096, 79 A.L.R. 1163, an instrument entirely written, dated and signed in the handwriting of the deceased was offered as a holographic will. It included the language ''I am going on a journey and I may never come back alive so I make this Will, but I expect to make changes if I live.'' The court held this to be a valid holographic will against the contention that it was a contingent or conditional will.

The court stated that there was no express provision that the will shall be contingent upon the death of the testatrix upon the particular journey referred to. It further stated that when the language used expressed her intent ambiguously the court is guided at the outset by well-recognized rules of construction in arriving at the testatrix' intent. The rules summarized in the Ferguson case are as follows:

''(1) The fact that the testatrix left a will implies that she did not intend to die intestate. Alexander on Wills, Vol. 1, p. 123, Section 105.

''(2) A will is construed to be a general, and not a con-

tingent will, unless the intention to the contrary clearly appears either expressly or by necessary implication from a reading of the language of the will as a whole. Eaton v. Brown, 193 U.S. 411, 24 S.Ct. 487, 48 L.Ed. 730; 40 Cyc. 1082, 1083.

"(3) If the event mentioned in the will merely indicates the inducement which caused the testatrix to make the will, [and] her intent to make it contingent is not apparent, the will is entitled to probate as a general will. 28 R.C.L. p. 166.

"(4) If the will is open to two constructions, that interpretation will be given it which will prevent intestacy. Alexander on Wills, supra." It will be noted that paragraph (4) is in agreement with section 91-210, R.C.M.1947.

In the Eaton case, supra, the prefacing words were as follows: "I am going on a Journey and may not ever return. And if I do not, this is my last request." In the instant case the prefacing words are: "This is to say that, should anything happen to me in my travels * * *." It will be noted that the language of the Eaton case would lend more support to a contention that the decedent would have to die while on the journey than would be the case in the present situation. However, the United States Supreme Court in the Eaton case held that such language does not render the same, conditional or contingent, and concluded that courts do not incline to regard a will as conditional where it reasonably can be held that the testator was merely expressing his inducement to make it, although his language, if strictly construed, would express a condition.

In the instant case it is reasonable to construe the words of the decedent as merely a common and often used general expression which was not intended to be literally construed as meaning physical motion or traveling. That they were used as prefacing words only is understandable in view of the fact that the decedent had traveled from time to time during most of her life.

The instrument is a valid unconditional will made with testamentary intent.

The order of the district court admitting the will to probate is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, concur.