No. 02-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 341

IN THE MATTER OF THE ESTATE OF

EARL M. JOHNSON, Deceased.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Loren J. O'Toole II, O'Toole & O'Toole, Plentywood, Montana (For Roger
Johnson)

For Respondent:

Patrick C. Sweeney, Patrick C. Sweeney, P.C., Billings, Montana (For
Russell Johnson)

Submitted on Briefs:  August 15, 2002

Decided:  December 23, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Roger Johnson, son of the deceased Earl Johnson, appeals the summary judgment of the Seventh Judicial District Court, Richland County.   The District Court found that a holographic document executed by Earl was a list of how Earl wanted certain personal property to be distributed rather than a codicil to his formally executed will.   We reverse and remand.

¶2    We address the following issue on appeal:

¶3    Did the District Court err in its application of the Uniform Probate Code, § 72-1-101, *et seq.*, to the holographic document executed by Earl Johnson?

BACKGROUND

¶4    Earl Johnson died testate and was survived by two sons, Roger and Russell Johnson.   Earl had executed a formal will on May 25, 1990.   Russell was appointed personal representative of Earl's estate and offered the May 25, 1990, will for informal probate proceedings.   After Russell filed the Final Account and Personal Representative's Sworn Statement to Close Estate, his brother Roger filed a petition for a formal probate.   At issue was a holographic document executed by Earl shortly before his death.   The document is merely a list of some of Earl's possessions and names.   It is entirely in Earl's handwriting and is signed and dated.

¶5    In the informal probate proceeding, Russell treated the document as a list detailing to whom Earl wished certain property to be distributed.   Roger alleged the document constituted a

2

codicil to the will.  Whether the document is a list or a codicil is significant to the disposition of Earl's estate.

¶6   On cross motions for summary judgment, the District Court granted summary judgment in favor of Russell, concluding the holographic document is a list rather than a codicil.  Roger appeals.

## STANDARD OF REVIEW

¶7   Our standard of review in appeals from summary judgment rulings is *de novo*.  *Motarie v. N. Mont. Joint Refuse Disposal* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156.  When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.  In *Bruner*, we set forth our inquiry:

> The movant must demonstrate that no genuine issues of material fact exist.  Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist.  Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.  We review the legal determinations made by a district court as to whether the court erred.

*Bruner*, 272 Mont. at 265, 900 P.2d at 903.    (Citations omitted.)

## DISCUSSION

¶8   Did the District Court err in its application of the Uniform Probate Code, § 72-1-101, *et seq.*, MCA, to the holographic document executed by Earl Johnson?

¶9   In the order granting summary judgment in favor of Russell, the District Court first examined  Earl's formal will, which

3

provides for distribution of tangible personal property. To that effect the will states: "If I have left any memoranda on the subject of the division or distribution of such property, the legatee or legatees under this paragraph shall distribute such tangible personal property in accordance with the terms of such memoranda." The District Court correctly points out that § 72-2-533, MCA, allows a testator to leave such a list of tangible personal property. The District Court goes on to state that pursuant to § 72-2-523, MCA, such a document could be treated by the Court as a holographic will if the proponent of the document establishes by clear and convincing evidence that the decedent intended the document or writing to constitute (1) the decedent's will; (2) a partial or complete revocation of the will; (3) an addition to or alteration of the will; or (4) a partial or complete revival of the decedent's formally revoked will or of a formally revoked portion of the will. The District Court then concludes that the holographic document written by Earl does not show any intent by Earl that the document should constitute his complete will. Therefore, the District Court determined that the holographic document was a personal property list pursuant to § 72-2-533, MCA, rather than a codicil.

¶10 On appeal, Roger asserts the District Court erred in its analysis by applying § 72-2-523, MCA. Roger argues the District Court should have applied § 72-2-522, MCA, which pertains to holographic wills. As Roger notes, § 72-2-523, MCA, only applies if the requirements of § 72-2-522, MCA, have not been met. Russell

4

responds that the holographic document cannot be a will or codicil because it does not demonstrate testamentary intent on its face.

¶11 We agree with Roger that the District Court erred by applying § 72-2-523, MCA, and that it should have analyzed the holographic document under the statute that applies to holographic wills, § 72-2-522, MCA. Section 72-2-523, MCA, provides:

> Although a document or writing added upon a document was not executed in compliance with 72-2-522, the document or writing is treated as if it had been executed in compliance with that section if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute:
> (1) the decedent's will;
> (2) a partial or complete revocation of the will;
> (3) an addition to or an alteration of the will; or
> (4) a partial or complete revival of the decedent's formerly revoked will or of a formerly revoked portion of the will.

Relying on this statute, the District Court placed the burden on Roger to establish Earl's intent by "clear and convincing evidence." Roger correctly points out that § 72-2-523, MCA, is inapplicable if the document meets the requirements of § 72-2-522, MCA.

¶12 There are three requirements for a valid holographic will in Montana. First, individuals must be at least eighteen years of age and of sound mind. Section 72-2-521, MCA. Second, a holographic will meets the formalities of execution if its material provisions are in the handwriting of the testator and signed by the testator. Section 72-2-522, MCA. Finally, the individual must have testamentary intent; he must intend that the document will dispose of his property after death. *See Estate of Ramirez* (1994) 264

5

Mont. 33, 36, 869 P.2d 263, 264; *Estate of Coleman* (1961), 139 Mont. 58, 359 P.2d 502; *In re Van Voast's Estate* (1954), 127 Mont. 450, 266 P.2d 377; *In re Augestad's Estate* (1940), 111 Mont. 138, 106 P.2d 1087.

¶13 Everyone agrees that Earl meets the first requirement. Therefore we need only focus on the second two requirements for a valid holographic will: the formalities of the document and the testator's intent.

¶14 Section 72-2-522(2), MCA, which governs holographic wills specifically, states in relevant part:

> (2) A will . . . is valid as a holographic will, whether or not witnessed, if the signature and material portions of the document are in the testator's handwriting.
> (3) Intent that the document constitute the testator's will may be established by extrinsic evidence, including, for holographic wills, portions of the document that are not in the testator's handwriting.

¶15 Applying § 72-2-522, MCA, to the instant case, we find that the holographic document authored by Earl satisfies the statutory requirements of § 72-2-522(2), MCA. It is undisputed that the signature and material portions of the document are in Earl's handwriting. Our inquiry into the second requirement ends there.

¶16 After having determined that the first and second requirements for a valid holographic will are satisfied, we turn to the third: testamentary intent. Did Earl intend the document to be a codicil, or did he intend it as a list of how he wished certain property to be distributed as permitted under § 72-2-533, MCA?

¶17 Roger and Russell invited the District Court to decide this issue by filing cross motions for summary judgment. As stated

6

above, the District Court mistakenly analyzed Earl's intent under the provisions of § 72-2-523, MCA, which required Roger to prove that the writing was a holographic will by clear and convincing evidence. However, the proper inquiry should have been first made under § 72-2-522, MCA.

¶18 The parties should have the opportunity to present evidence on the issue of Earl's intent in a trial so the trier of fact can decide this matter under the correct standard. There is no definite fixed rule for determining testamentary intent, but each case must stand on its own peculiar facts and circumstances. *Augestad*, 111 Mont. at 138, 106 P.2d at 1088. On the basis of the record before us, we conclude that Earl's intent is a question of fact to be decided by the District Judge or a jury, pursuant to § 72-1-208, MCA.

¶19 Reversed and remanded for proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE

7