No. 04-127

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 200

TERI R. HANSON,

        Petitioner, Appellant and Respondent,

    v.

ESTATE OF E. GILMAN BJERKE,
DARREL TADE, Personal Representative,

        Respondent and Respondent,

    v.

SCOBEY ALUMNI FOUNDATION, INC.,
A Montana Nonprofit Charitable Corporation,

        Intervenor and Cross-Appellant.


APPEAL FROM:    District Court of the Fifteenth Judicial District,
                     In and For the County of Daniels, Cause No. DV 10-2002-14,
                     Honorable David J. Cybulski, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Loren J. O'Toole, II, O'Toole & O'Toole, Plentywood, Montana

        For Respondent:

                Laura R. Christoffersen, Knierim & Christoffersen, Culbertson, Montana

                Ken W. Hoversland, Attorney at Law, Scobey, Montana

        For Cross-Appellant:

                Daniel N. McLean, Crowley, Haughey, Hanson, Toole & Dietrich,
                Helena, Montana


                           Submitted on Briefs:  June 15, 2004
                                     Decided:  August 3, 2004

Filed:

              _____
                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Teri Hanson was one of the named beneficiaries in the last will and testament of E. Gilman Bjerke. However, a year after Mr. Bjerke's will was admitted to probate, certain real property devised to Hanson had not yet been distributed to her. Meanwhile, the personal representative had distributed over $150,000 to the named beneficiary of the residuary estate, Scobey Alumni Foundation, Inc. (SAFI). Hanson filed a declaratory action seeking an interpretation and declaration of her rights pursuant to Mr. Bjerke's will. Hanson claimed that the eighth paragraph of the will gave her all personal property not designated on a list attached to the will. That portion of Mr. Bjerke's will states:

> EIGHTH: I have made a list of all my personal belongings and household effects, and have set forth in said list the party to whom I wish to give each item, and have made this list available to my said personal representative, and it is my desire that said heirs and beneficiaries abide by that list as if it were a part of this, my Last Will and Testament. Any article of personal property not designated by said list shall be determined to be a content of my house and shall be bequeathed to Teri R. Hanson.

¶2     Hanson argues that money is personal property. Accordingly, since Mr. Bjerke's money was not included on the attached list, Hanson posits that Bjerke intended to bequeath all money to her as contents of his house. Darrel Tade, the personal representative responded, seeking to void all of Hanson's inheritance other than one dollar by invoking the "no-contest" provision of the will. Hanson moved to have Darrel Tade removed as personal representative. The District Court's summary judgment agreed with Hanson on the interpretation of the eighth paragraph, which the District Court noted left nothing in the residuary of Mr. Bjerke's estate. The District Court also denied Hanson's request to remove

2

Darrel Tade as personal representative and concluded that the filing of a declaratory judgment action did not constitute a contest under the "no-contest" provision of the will.

¶3      SAFI intervened as an interested party and successfully moved the District Court to vacate the initial summary judgment order.  SAFI then urged the District Court to interpret Mr. Bjerke's will in a way which would fund each paragraph, including the residuary, which reads:

> NINTH: I give, devise and bequeath all the rest, residue and remainder of my estate, whatsoever and wheresoever, both real and personal, to which I may be entitled or which I may have power to dispose of at my death, after payment of my debts, funeral and testamentary expenses, and any legacies bequeathed hereby or by any codicil hereto, unto SAFI, a Montana non-profit corporation, of Scobey, Montana, to be used at its discretion.

¶4       In revisiting the issues on renewed motions for summary judgment, the District Court determined that, from the ordinary meaning of the words in the will,  it was not Mr. Bjerke's intention to include money invested outside the home as an article of personal property. Thus, only cash deemed to have been found within the home was to be distributed to Hanson under paragraph eight.  The court determined that invested money or "money equivalents" were not "article(s) of personal property" passing under paragraph eight and thus became part of the residuary estate.

¶5      Hanson now appeals and SAFI cross appeals.  We affirm.

¶6      Our standard of review of a district court's findings of fact is whether they are clearly erroneous.  *In re Estate of Kuralt*, 2000 MT 359, ¶ 14, 303 Mont. 335, ¶ 14, 15 P.3d 931,

3

¶ 14. Our review from an order granting or denying summary judgment is de novo. *In re Estate of Johnson*, 2002 MT 341, ¶ 7, 313 Mont. 316, ¶ 7, 60 P.3d 1014, ¶ 7.

¶7    Hanson claims that money, both cash and invested money,  is "personal property" whether or not it is found in the house.  Accordingly, all money not otherwise specifically bequeathed should be determined to be a content of Mr. Bjerke's house under paragraph eight.  SAFI counters that "articles of personal property" refers to tangible chattels, such as those referenced in the list; that money is not an "article of personal property" and whether or not found within the house, all money not otherwise designated should go to SAFI by the terms of the residuary paragraph.  In particular, SAFI contends that invested money is not an item of tangible personal property.

¶8    As a legal term of art, the phrase "personal property" includes money.  Section 1-1-205(1), MCA, states that: "'Personal Property' means money, goods, chattels, things in action, and evidences of debt."  However, that definition specifically applies only to the Montana Code Annotated.  Section 1-1-205, MCA.  Nonetheless, the statutory definition of "personal property" reflects the widely accepted definition.  Black's Law Dictionary states that personal property is, "[i]n [a] broad and general sense, everything that is the subject of ownership, not coming under denomination of real estate."  Black's Law Dictionary, 1217 (6th ed. 1990). Personal property is to be distinguished from real property in the interpretation of a will. *In re Estate of Wooten* (1982), 198 Mont. 132, 643 P.2d 1196.

¶9    However, because Montana courts are guided by the bedrock principle of honoring the intent of the testator, *Kuralt*, ¶ 17, we will apply legal terms of art to effectuate the intent of the testator.  To do so, the will must be read as a whole, with phrases and clauses read in

4

context. Here, the testator referred not just to "personal property," but more specifically to "articles of personal property." Furthermore, Mr. Bjerke had attached a list of items of tangible personal property, pursuant to § 72-2-533, MCA. The list included such items as a pickup truck, a snow-blower, and a floor hoist. Under the doctrine of *ejusdem generis,* general words may be limited in their application to items of a similar class, as exemplified by the more specific and particular words preceding the general phrase. *Schuff v. A.T. Klemens*, 2000 MT 357, ¶¶ 116, 123, 303 Mont. 274, ¶¶ 116, 123, 16 P.3d 1002, ¶¶ 116, 123. We applied the doctrine of *ejusdem generis* in the context of interpreting a will in *In re Estate of Donovan* (1976), 169 Mont. 278, 282, 546 P.2d 512, 514, where we concluded that the general phrase "all my personal effects" did not include expensive jewelry when the list preceding the phrase specifically included "costume jewelry" and other less expensive items.

¶10    Hanson contends that the doctrine of *ejusdem generis* has no application here because Mr. Bjerke was statutorily precluded from including money in a referenced list of "tangible personal property." Section 72-2-533, MCA. The statutory prohibition on listing money does not, however, change the applicability of the *ejusdem generis* doctrine, which focuses on what is specifically listed, not on what is omitted. In reading Mr. Bjerke's will as a whole, with an eye towards the doctrine of *ejusdem generis*, it is clear that he was contemplating only tangible goods in his eighth paragraph. First, the list included only items of tangible personal property. Second, the will's reference to "articles" of personal property reinforces the focus on the physical, tangible nature of the property. It is thus clear that he

5

intended that articles of personal property which were not designated in the list "shall be determined to be" contents of the house (irrespective of whether they were, in fact, found in the house). Furthermore, the last sentence makes it clear that Mr. Bjerke intended that any article of personal property not designated by the list shall be determined to be a content of the house and shall be bequeathed to Teri Hanson. We hold that the District Court honored the intent of the testator and correctly concluded that "cash" (i.e., currency and coin) is an item of tangible personal property and that paragraph eight bequeathed to Hanson any cash deemed to be found within the house. On the other hand, invested money is not an "article of personal property" and thus does not pass to Hanson under paragraph eight as "contents of the house."

¶11 On the cross-appeal, SAFI contends that the District Court erred in determining that cash is an item of personal property and thus should pass under paragraph eight of the will. For the above-stated reasons, we affirm the court's conclusion that cash comes within the wording "articles of personal property" and like any other article of personal property not designated by the list, "shall be determined to be a content of my house and shall be bequeathed to Teri R. Hanson."

¶12 As a last issue, Hanson also claims that the District Court erred in failing to remove the personal representative. SAFI contends that Hanson waived this issue and failed to preserve it for appeal by failing to request the District Court to rule on the issue after it vacated its previous ruling. However, the record indicates that on the same day the District Court vacated the first order, Hanson filed a motion for summary judgment accompanied by

6

briefs, which incorporated all of her previous arguments, including her request that the personal representative be removed. Thus, although Hanson did raise the issue, it was not addressed in the District Court's second order. SAFI claims that Hanson should have brought the omission to the District Court's attention. However, Rule 46, M.R.Civ.P., states that formal exceptions to court rulings are not necessary, so long as the issue was properly before the court, which it was. Therefore, the issue is appropriately before us on appeal.

¶13 A personal representative may be removed for cause. Cause exists:

> (a) when removal would be in the best interests of the estate; or
> (b) if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

Section 72-3-526(2), MCA.

¶14 Hanson claims that personal representative Darrel Tade, contrary to the express terms of the will, distributed $150,000 to SAFI. Hanson's argument is premised on the assumption that SAFI was not entitled to distribution of money found outside the house. However, as we concluded above, that distribution was not in violation of any express terms of the will. Hanson also claims that the personal representative improperly withheld real property that was due Hanson and attempted to condition transfer of the real property on Hanson's abandoning her claim to money found outside the house. While it is unusual for a personal representative to make distributions from the residuary of the estate prior to resolving or disposing of other specific bequests or devises, Hanson fails to show that the personal

7

representative mismanaged the estate or failed to perform any duty pertaining to the office. Montana law specifically enumerates the duties of a personal representative. Title 72, Chapter 3, Part 6, Montana Code Annotated. Hanson does not cite to any statutory provision in support of her contention that she was entitled to "immediate" delivery of the property. Indeed, the code does not require "immediate" delivery. Rather, the uniform probate code provides that a personal representative has a "duty to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and this code and as expeditiously and efficiently as is consistent with the best interests of the estate." Section 72-3-610, MCA. Thus, Hanson failed to establish any of the statutory criteria sufficient to warrant removal of a personal representative. We find no error in the District Court's failure to remove Tade as the personal representative.

¶15    Based on the foregoing, we affirm the order of the District Court.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JOHN WARNER