

DA 11-0296

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 291

IN THE MATTER OF THE ESTATE OF
THOMAS N. GLENNIE,

        Deceased.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Wheatland, Cause No. DP 09-13
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                John R. Christensen, Timothy A. Filz, Ben T. Sather; Christensen, Fulton &
                Filz, PLLC, Billings, Montana

        For Appellee:

                Mark D. Parker, Shawn P. Cosgrove; Parker, Heitz & Cosgrove, PLLC,
                Billings, Montana

                Kris A. Birdwell, Stogsdill Law Office, PC, Lewistown, Montana

Submitted on Briefs:   September 28, 2011

Decided:   November 22, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Bruce Glennie (Bruce) appeals from an order of the Fourteenth Judicial District Court, Wheatland County.  The order dismissed Bruce's objection to admit Thomas Glennie's (Thomas) September 2009 will to probate, and to set aside the Cattle Sale and Options Agreement and Lease-Cattle Agreement (collectively "Agreements"). The District Court determined that Bruce lacked standing to contest the will and the Agreements.  We reverse.

¶2     Bruce raises the following issues:

¶3     *Did the District Court properly conclude that Bruce lacked standing to contest Thomas's September 2009 will?*

¶4     *Did the District Court properly conclude that Bruce lacked standing to contest the Agreements?*

¶5     Thomas Glennie died on October 5, 2009, from pancreatic cancer.  Thomas executed a will, dated September 22, 2009, a few weeks before his death.  He was survived by his wife, Sheena Glennie (Sheena), whom Thomas appointed as the executor of his estate.  Thomas's sons, Bruce and Neil Glennie (Neil), and his daughter, Shona McHugh (Shona), also survived him.

¶6     Real property, including a ranch, comprised the most significant portion of Thomas's estate.  Thomas's September 2009 will devised two-thirds of the real property to Neil, one-sixth to Bruce, and one-sixth to Shona.  The will devised the residue of his estate to Sheena.

¶7     Sheena moved to admit Thomas's September 2009 will to probate.  Bruce filed an objection to probate Thomas's will.   Bruce's objection alleges that Thomas lacked

testamentary capacity to enter into the September 2009 will. Bruce alleges that Neil exerted undue influence over Thomas. He further alleges that Neil's undue influence produced Thomas's September 2009 will. Bruce also alleges that Thomas had executed a previous will that devised the ranch assets in equal shares to Bruce and Neil.

¶8 Bruce's objection further sought to set aside the Agreements. Neil and Thomas were the contracting parties of these Agreements. Bruce alleges that Thomas's lack of capacity to contract voids the Agreements. Bruce further alleges that the Agreements were also the product of Neil's undue influence over Thomas.

¶9 Sheena on behalf of the estate (the Estate) filed a motion in opposition to Bruce's objection. The motion sought to dismiss Bruce's objection on the basis that Bruce lacked standing to contest the September 2009 will and the Agreements. The parties fully briefed the issue and argued their positions to the District Court on April 20, 2010. Eleven months later, on March 1, 2011, the District Court issued a one paragraph order that granted the Estate's motion to dismiss. Bruce appeals.

## STANDARD OF REVIEW

¶10 The Montana Rules of Civil Procedure apply to formal probate proceedings. Section 72-1-207, MCA. The Estate concedes that its motion to reject Bruce's objection to probate was akin to an M. R. Civ. P. 12(b)(6) motion to dismiss. We accordingly apply our standard of review for a motion to dismiss. *McKinnon v. W. Sugar Coop. Corp.*, 2010 MT 24, ¶ 12, 355 Mont. 120, 225 P.3d 1221.

3

¶11     We construe allegations in a light most favorable to the plaintiffs when reviewing an order dismissing a complaint under M. R. Civ. P. 12(b)(6). *McKinnon*, ¶ 12. A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *McKinnon,* ¶ 12. A district court's determination that a complaint failed to state a claim presents a conclusion of law. *McKinnon,* ¶ 12. We review for correctness a district court's conclusions of law. *McKinnon,* ¶ 12.

## DISCUSSION

¶12     *Issue 1: Did the District Court properly conclude that Bruce lacked standing to contest Thomas's September 2009 will?*

¶13     Only "interested persons" have legal standing to challenge a will's validity. Section 72-3-302, MCA. Montana's probate code defines an "interested person," in part, as a person "having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person." Section 72-1-103(25), MCA. This definition requires a person to demonstrate a pecuniary interest in a successful challenge to a will in order to establish standing. *See Estate of Miles v. Miles*, 2000 MT 41, ¶ 46, 298 Mont. 312, 994 P.2d 1139. This standard requires Bruce to demonstrate that he would receive a greater share of Thomas's estate if a court declares invalid the September 2009 will.

¶14     The Estate argues that Bruce lacks a pecuniary interest to object. The Estate contends that Bruce's objection, if successful, would result in Thomas's estate passing through intestate succession. Section 72-2-111, MCA. The Estate points out that Sheena, as

4

Thomas's wife, would be the sole intestate heir. Section 72-2-112, MCA. As a result, the Estate argues that Bruce lacks any pecuniary interest in an intestate succession.

¶15 The District Court appears to have agreed with the Estate in a one paragraph decision. It determined that "Bruce Glennie lacks standing to pursue his objections to the probate of the decedent's will and the referenced cattle contracts entered into by decedent prior to his demise." The District Court acknowledged that standing presented a mixed question of law and fact. It nevertheless stated that dismissal was warranted when Bruce had not "come forward with any evidence to demonstrate any material issues of fact surrounding the issue."

¶16 Bruce argues that the District Court determined prematurely that he lacked standing. Bruce contends that he may establish standing through evidence of a previous will. Bruce alleges that Thomas executed a previous will in which he devised 50 percent of the ranch assets to Bruce. Bruce reasons that—if successful in establishing undue influence for the September 2009 will—he may establish this previous will as Thomas's valid will. Bruce notes that the earlier version of Thomas's will left him a greater share of the estate than the September 2009 will. Bruce cites the difference in his share between the two wills as sufficient to establish a pecuniary interest and endow him with standing to challenge the September 2009 will.

¶17 The Estate does not dispute directly Bruce's standing theory. The Estate counters, however, that Bruce's theory requires the existence of a previous will. Bruce never produced this previous will. The Estate argues that the District Court correctly dismissed Bruce's

5

claim based on Bruce's failure to establish any dispute of fact regarding standing without evidence of any previous will.

¶18 Bruce concedes that he produced no previous will. Bruce contends, however, that the District Court should have allowed him to engage in discovery before issuing its order. Bruce argues that he lacked an opportunity to uncover the previous will without the benefit of discovery. Bruce requests that we remand the case so that the parties may engage in discovery before the court makes a decision regarding whether to dismiss Bruce's objection.

¶19 The Estate argues that the parties already had the opportunity to undertake discovery. Eleven months lapsed between the Estate filing its motion to dismiss and the court issuing its order. Bruce initiated no discovery requests during those 11 months. Bruce concedes that he failed to make any discovery requests. He contends instead that the parties mutually delayed the start of discovery until the District Court had issued its order regarding the Estate's potentially dispositive motion. Bruce points to the parties' stipulated motion to extend discovery filed on July 1, 2010, that was pending when the District Court dismissed the case on March 1, 2011. Bruce contends it would have been a waste of time and money to engage in discovery if the District Court was intending to grant the Estate's motion to dismiss.

¶20 Whether Bruce should have pursued discovery is irrelevant with respect to the correctness of the District Court's order. The Estate concedes that its motion was akin to an M. R. Civ. P. 12(b)(6) motion to dismiss. We assume the non-moving party's allegations as true when analyzing an M. R. Civ. P. 12(b)(6) motion. *Tally Bissell Neighbors, Inc.*, ¶ 15. Bruce accordingly had no obligation, at this procedural stage, to establish factual disputes by

6

actually producing a previous will to maintain his objection. *See Stenstrom v. Child Support Enforcement Div.,* 280 Mont. 321, 325, 930 P.2d 650, 652 (1996). Moreover, M. R. Civ. P. 12(d) requires the District Court, at a minimum, to forewarn Bruce that it was considering the lack of a factual dispute as a basis for dismissing his objection. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 17, 337 Mont. 1, 155 P.3d 1247. This notice would have provided Bruce a reasonable opportunity to seek to uncover any previous will, and present it to the court. M. R. Civ. P. 12(d); *Jones*, ¶ 17.

¶21 We must at this juncture determine only whether Bruce alleges sufficient facts that if proven would establish standing. *Helena Parents Commn. v. Lewis & Clark County Commrs.*, 277 Mont. 367, 372, 922 P.2d 1140, 1143 (1996). Bruce alleges that a previous will existed. Bruce also alleges that this previous will devised to him a larger portion of Thomas's estate than did the September 2009 will. These allegations, that we must assume to be true, create a sufficient basis for Bruce to establish standing.

¶22 Bruce may establish that Thomas's estate should pass in accordance with any previous will executed by Thomas rather than through intestacy if Bruce can establish that the September 2009 will is invalid. Bruce would be required to establish that the doctrine of dependent relative revocation should apply. *Hauck v. Seright,* 1998 MT 198, ¶ 31, 290 Mont. 309, 964 P.2d 749. This doctrine presumes that a testator—who has canceled an old will while making a new will which thereafter fails—would prefer the old will to intestacy. *Hauck,* ¶ 31. We make no determination as to whether the doctrine would apply in this case.

We determine only that the District Court must afford Bruce the opportunity to advocate for the doctrine's application if he produces a previous will through discovery.

¶23    *Issue 2: Did the District Court properly conclude that Bruce lacked standing to contest the Agreements?*

¶24    Bruce also seeks to establish standing to contest the Agreements. The Estate argues that Bruce has no pecuniary interest in setting aside the Agreements. The Estate notes that any increase in the Estate's assets from rescinding the Agreements would go to Sheena as the devisee of the residuary estate.

¶25    Bruce will receive at least one-sixth of Thomas's real property regardless of whether he ultimately establishes standing to challenge the September 2009 will. Bruce accordingly possesses standing to challenge the validity of the Agreements to the extent that they concern real property. Rescission of the Agreements would increase Bruce's pecuniary interest in Thomas's estate. Bruce's interest in Thomas's estate would increase following rescission of the Agreements regardless of whether his interest in the estate's real property is one-sixth, as set forth in the September 2009 will, or some greater interest that he alleges a previous will would establish.

¶26    With respect to the estate's personal property, Bruce would possess conditional standing at this point upon which to contest the personal property. Bruce's conditional standing requires two things. Bruce first must establish any previous will as the valid will. *Hauck,* ¶ 31. Bruce further must establish that this previous will devises to Bruce either some share of the personal property involved in the Agreements or that Bruce is a devisee of

8

Thomas's residual estate.  *Aspen Trails Ranch, LLC v. Simmons*, 2010 MT 79, ¶ 37, 356 Mont. 41, 320 P.3d 808.

¶27    We reverse and remand with instructions to the District Court to vacate its order to dismiss and to amend the scheduling order to permit the parties to engage in discovery.


/S/ BRIAN MORRIS


We Concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER