FILED

February 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0310

DA 14-0310

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 54

IN RE ESTATE OF DENNIS LAWLOR

-----------------------------------------------

AUDREY STOICAN, JOHN L. STOICAN,
and JOHN WILLIAM LAWLOR,

       Plaintiffs and Appellants,

   v.

JOHN WAGNER, MARK WAGNER,
and JOHN DOES 1-5,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DP-12-220C
                Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Lee C. Henning, Rebecca J. Henning-Rutz, Henning, Keedy & Lee, P.L.L.C.;
            Kalispell, Montana

      For Appellee John Wagner:

            Mikel L. Moore, Jinnifer Jeresek Mariman, Moore, Cockrell, Goicoechea &
            Axelberg, P.C.; Kalispell, Montana

      For Appellees Mark Wagner and John Wagner:

            James M. Ramlow, Karl Rudbach, Ramlow & Rudbach, PLLP; Whitefish,
            Montana

      For Antoinette Wagner:

Kristin L. Omvig, Kalvig Law Firm, P.C.; Kalispell, Montana

For Mary Ann McPherson:

Gregory J. Hatley, Maxon R. Davis, Davis, Hatley, Haffeman & Tighe, P.C.; Great Falls, Montana

Submitted on Briefs:  December 31, 2014
Decided:  February 24, 2015

Filed:

Clerk

2

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Audrey Stoican, John Stoican, and John Lawlor appeal from the order of the Montana Eleventh Judicial District Court, Flathead County, determining that Audrey and John lacked standing to contest Denis Lawlor's will and to petition to remove the personal representative of Dennis Lawlor's estate. We affirm in part and reverse in part.

## ISSUES

¶2 We review the following issues:

> *1. Did the District Court err when it determined that Audrey Stoican lacked standing to contest Dennis' will?*
>
> *2. Did the District Court err when it determined that Audrey Stoican lacked standing to petition for the removal of the personal representative for cause?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Dennis Lawlor executed a will ("the Will") on December 6, 2012. He died the following day, leaving no issue. Dennis was survived by three of his siblings, Antoinette Wagner, Mary McPherson, and John Lawlor. Joan Voise, an additional sibling, predeceased Dennis. However, Dennis was survived by Joan's daughter, Audrey Stoican, and Joan's grandson, John Stoican. The only other family members of relevance to this appeal that survived Dennis are Antoinette's children, Mark and John Wagner ("the Wagners").

¶4 The Will devised all of Dennis' estate ("the Estate") to his living sisters, Antoinette and Mary. It did not mention his deceased sister, Joan, and it "specifically and intentionally and entirely exclude[d]" his brother, John Lawlor. The Will also appointed Mark to be the personal representative of the Estate.

3

¶5	On December 11, 2012, Mark submitted the Will to the District Court, asking for informal probate and his appointment as personal representative of the Estate. The clerk of court granted these requests. The Will was admitted to informal probate and Mark was appointed personal representative of the Estate. Letters were issued and filed, and notice was given to Dennis' heirs, the devisees of the Will, and the creditors of the Estate.

¶6	On May 16, 2013, Audrey filed a petition asking the court to convert informal probate to formal probate. In support of this request, she filed a brief questioning the competence of Dennis at the time he executed the Will and claiming that the Will was invalid. Mark, in his capacity as personal representative, consented to conversion from informal to formal probate. The motion was granted on January 3, 2014, and formal probate began.

¶7	On October 18, 2013, Audrey and John Stoican filed a complaint contesting the Will. They claimed that Dennis lacked testamentary capacity at the time the Will was executed; that he was subject to undue influence from the Wagners, among others; that the Wagners, among others, tortiously interfered with a contractual and business relationship made between Dennis and John Stoican; and that the Wagners breached fiduciary duties they had owed to Dennis. The complaint asked that the Will be set aside, that probate be conducted in intestacy, and that damages and fees be awarded to Audrey and John Stoican. The complaint did not ask for removal of Mark as personal representative. The Wagners opposed the complaint, moving to dismiss the will contest.

¶8	On October 21, 2013, Audrey and John Stoican filed a motion asking the court to remove Mark as personal representative and John Wagner as the Estate's attorney. Citing

4

§ 72-3-526, MCA, the sole grounds upon which they based this motion were conflicts of interest the Wagners allegedly had with the Estate. They did not ask for removal based on any change of testacy status that might result from the resolution of the will contest.

¶9 On February 11, 2014, following a motion for leave to do so, the District Court allowed an amended will contest complaint to be filed. The amended complaint was entered on March 3, 2014. It added John Lawlor as a plaintiff.

¶10 On March 11, 2014, John Wagner moved the District Court to determine whether Audrey, John Stoican, and John Lawlor ("the Plaintiffs") had standing to bring their motion to remove the personal representative and the Estate's attorney. The motion alleged that under § 72-3-526, MCA, only "person[s] interested in the estate" have standing to move for removal of the personal representative for cause, and that each of the Plaintiffs lacked standing because they were not "person[s] interested in the estate." The Plaintiffs opposed this motion. Mark joined the motion on March 13, 2014.

¶11 On April 28, 2014, the District Court entered an order on the motion to determine standing. It decided that Audrey and John Stoican lacked standing to contest the will or to petition for the removal of the personal representative or the Estate's attorney.

¶12 The Plaintiffs appealed the order to this Court, contending that the District Court erred when it determined that Audrey did not have standing to contest the Will or seek the removal of the personal representative.[1]

**STANDARD OF REVIEW**

5

¶13    The conclusion that a party lacks standing to bring a claim is a conclusion of law. *In re Charles M. Bair Family Trust*, 2008 MT 144, ¶ 86, 343 Mont. 138, 183 P.3d 61. We review a district court's conclusions of law for correctness. *In re Estate of Glennie*, 2011 MT 291, ¶ 11, 362 Mont. 508, 265 P.3d 654.

**DISCUSSION**

¶14    *1. Did the District Court err when it determined that Audrey Stoican lacked standing to contest Dennis' will?*

¶15    Both parties agree that the District Court erred when it determined that Audrey would not be a successor to the Estate if it passed in intestacy, and, accordingly, that it erred when it determined that Audrey was not an "interested person" with standing to contest the Will. We agree with the parties.

¶16    To have standing to contest a will, a party must be an "interested person" as defined by the Montana Uniform Probate Code. Section 72-3-302, MCA; *Glennie*, ¶ 13. We have determined that a party may be an "interested person" for the purposes of contesting a will if he or she has a pecuniary interest in setting aside that will. That is, a party has standing to contest a will if he or she stands to gain from a successful contest. *Glennie*, ¶ 13.

¶17    Here, Audrey is not a devisee under the Will, but she is an heir that would take if the will contest was successful and the Estate passed by intestacy. In Montana, if a decedent leaves no issue and is predeceased by his parents, then his parents' descendants take by representation. Section 72-2-113(1)(c), MCA. This means that the estate is divided based

---

[1] The Plaintiffs do not appeal the District Court's decision that John Stoican also did not have standing to pursue these claims. As that decision is not appealed to this Court, we do not consider it here.

6

on the composition of the generation containing at least one surviving descendant that is nearest to the generation of the decedent's deceased parents. Section 72-2-116(3)(a), MCA. In this case, that is the generation of Dennis and his siblings, since three siblings survived Dennis.

¶18 At this generation, the estate is divided into as many equal shares as there are surviving generation-members and deceased generation-members that left surviving descendants. Section 72-2-116(3)(a), MCA. In this case, there are three surviving siblings– John Lawlor, Mary, and Antoinette – and one deceased sibling that left surviving descendants – Joan. Thus, if it was to pass by intestacy, the Estate would be divided into four shares. Joan's share would pass to her heir, Audrey. Section 72-2-116(3)(b), MCA. Thus, Audrey would stand to gain from invalidation of the Will and probate in intestacy. For this reason, she is an interested person with standing to contest the Will. *Glennie*, ¶ 13. The District Court erred when it determined otherwise.

¶19 *2. Did the District Court err when it determined that Audrey Stoican lacked standing to petition for the removal of the personal representative for cause?*

¶20 The Plaintiffs argue that because Audrey has standing to contest the Will, she also has standing to petition for removal of the personal representative for cause. We do not agree. The will contest and the petition for removal in this case are two separate actions. That a party has standing to bring one does not necessarily mean that the party has standing to bring the other. Standing for each action is controlled by separate statutory provisions and must be analyzed separately and independently from the other in light of the statute controlling the action. *See* §§ 72-3-302 and -526, MCA.

7

¶21 As an initial matter, it is important to note that Audrey's petition for removal of the personal representative was a petition for removal for cause. Audrey alleged that removal was appropriate based on a conflict of interest and specifically cited § 72-3-526, MCA. Importantly, she did not allege that removal was appropriate, for example, based on any change of testacy that might result from the will contest. The code makes specific provision for bringing such a petition at the same time as a will contest. *See* §§ 72-3-302(4), -313(2), -319, and -523, MCA. No similar provision is made for bringing a petition for removal for cause concurrently with a will contest.

¶22 Section 72-3-526(1), MCA, controls who may petition for removal of a personal representative for cause. For this reason it controls our decision here. That statute reads, in part: "A person interested in the estate may petition for removal of a personal representative for cause at any time." Section 72-3-526(1), MCA. Thus, the question of whether Audrey has standing to petition for the removal of the personal representative for cause turns on whether she is a "person interested in the estate."

¶23 We have not yet had the opportunity to consider the meaning of "person interested in the estate" as it is used in the Montana Uniform Probate Code. However, several courts in other states that have also adopted the Uniform Probate Code have considered the meaning of the term as used in their versions of § 72-3-526, MCA. In doing so, they have treated the term "person interested in the estate" as synonymous with "interested person." *Valer v. Bartelson (In re Estate of Bartelson)*, 833 N.W.2d 522, 526 (N.D. 2013); *see Flamme v. Flamme (In re Estate of Dickie)*, 623 N.W.2d 666, 671 (Neb. 2001). The Montana Uniform Probate Code also treats the terms synonymously. *See* §§ 72-3-105 and -514, MCA. The

8

plain meaning of the terms also indicates that they are synonymous. The plain meaning of the term "person interested in the estate" is, after all, an "interested person" whose interest is in an estate. For these reasons, we will treat "person interested in the estate" synonymously with "interested person" for the purposes of § 72-3-526, MCA.

¶24 While we have determined that Audrey is an interested person for the purposes of a will contest, as discussed above, this does not mean she is also an interested person for the purposes of a petition for removal for cause. As § 72-1-103(25), MCA, states: "The meaning [of interested person] as it relates to particular persons may vary from time to time and must be determined according to the *particular purposes of and matter involved* in any proceeding." (emphasis added).

¶25 To be an "interested person," a person must have "a property right in or claim against" the estate. Section 72-1-103(25), MCA; *In re Guardianship & Conservatorship of Anderson*, 2009 MT 344, ¶¶ 22-23, 353 Mont. 139, 218 P.3d 1220 (rejecting an argument that "devisees, children, spouses, creditors, and beneficiaries" can be interested persons without having a property right in or claim against the estate); *Estate of Miles v. Miles*, 2000 MT 41, ¶¶ 44-46, 298 Mont. 312, 994 P.2d 1139. The term also includes "persons having priority for appointment as personal representative." Section 72-1-103(25), MCA. Audrey, however, does not have a claim against or property interest in the Estate, she does not have priority for appointment as personal representative, and she has no other interest in the outcome of the petition for removal for cause. Thus, Audrey does not have standing to petition for removal for cause.

9

¶26    Audrey does not have a claim against the Estate. The Montana Uniform Probate Code defines "claims" as including "liabilities of the decedent . . . whether arising in contract, in tort, or otherwise, and liabilities of the estate that arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration." Section 72-1-103(6)(a), MCA. Audrey does not contend that she is a creditor of the Estate or that she is otherwise entitled to property based upon a liability of the Estate. For this reason, she does not have a claim against the Estate upon which standing can be based.

¶27    Audrey also does not have a property right in the Estate. When the Will was admitted to informal probate, a presumption of testacy arose. Section 72-3-215(2), MCA. Under this presumption, the Estate will pass according to the terms of the Will, leaving Audrey without any property interest in the Estate. The *pending* will contest does not change this presumption of testacy, § 72-3-215(2), MCA, and does not otherwise create a property right upon which standing can be based.

¶28    Indeed, we have already recognized in at least one instance that standing to bring a separate action cannot be predicated upon the successful outcome of a pending will contest. *See Glennie*, ¶¶ 24-26. In *Glennie*, a petitioner contested the validity of a will and simultaneously petitioned to set aside contracts entered into by the decedent before his death. The will contest was made following a motion to admit the will to informal probate and before the will was actually admitted. *Glennie*, ¶ 7. We determined that the petitioner had standing to contest the validity of the will since he would be a successor to the estate if the will was invalidated. However, we determined that the petitioner had only "conditional"

10

standing to petition to set aside the contracts. We reasoned that the petitioner would only have an interest in the outcome of the contract challenge if he had an interest in the estate. Thus, we determined that the petitioner would not have standing unless the will contest was successful and the petitioner proved himself to be a successor to the estate. *Glennie*, ¶¶ 24-26.

¶29 Similarly, Audrey only has a property interest in the Estate if the will contest is successful. Like the petitioner in *Glennie*, any property interest Audrey might have is contingent upon the outcome of the will contest. As that contest is pending, Audrey has not yet proven that she has a property interest in the Estate. She, therefore, does not have standing.

¶30 "Conditional" standing is not appropriate in Audrey's case, because unlike in *Glennie*, the Will was admitted to informal probate before Audrey petitioned to set aside the Will. As such, the presumption of testacy arose before Audrey brought her will contest, and we must presume that Audrey is not a successor to the Estate. "Conditional" standing was only appropriate in *Glennie* because no such presumption arose, and it was unclear which parties had property rights in the estate while the will contest was pending. *See Glennie*, ¶¶ 7, 24-26. For these reasons, Audrey does not have a property interest in the Estate sufficient for standing.

¶31 Audrey also does not have priority for appointment as personal representative. Section 72-3-502, MCA, states that priority is first given to persons nominated by a probated will. Priority is next given to spouses, custodial parents, and devisees of the decedent. Sections 72-3-502(1) through -502(4), MCA. Audrey is none of these. Mark was the

11

personal representative nominated in the Will, and the Will specified that Antoinette should be made personal representative if Mark was unwilling or unable to do so. As a devisee under the Will, Mary would have priority for appointment as a personal representative following Mark and Antoinette. Because these parties have priority and because Audrey was neither nominated by nor a devisee of the Will, Audrey does not have priority for appointment as personal representative upon which standing can be based.

¶32 In addition to not having a claim against the Estate, a property interest in the Estate, or priority for appointment as a personal representative, Audrey has no interest in the outcome of the petition for removal for cause. According to Section 72-3-526(2), MCA:

> (2) Cause for removal exists:
> (a) when removal would be in the best interests of the estate; or
> (b) if it is shown that a personal representative or the person seeking the personal representative's appointment intentionally misrepresented material facts in the proceedings leading to the appointment or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of the office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

Thus, removal for cause is appropriate primarily where the estate has been harmed or where the personal representative has not fulfilled his obligations as a fiduciary. *E.g.*, *In re Estate of Hannum*, 2012 MT 171, ¶ 27, 366 Mont. 1, 285 P.3d 463; *In re Estate of Anderson-Feeley*, 2007 MT 354, ¶¶ 9-10, 340 Mont. 352, 174 P.3d 512; *Hanson v. Estate of Bjerke*, 2004 MT 200, ¶¶ 13-14, 322 Mont. 280, 95 P.3d 704. Because Audrey is not a successor to the Estate, the personal representative owes Audrey no fiduciary duties. *See* § 72-3-610, MCA; *see also* § 72-1-103(48) (defining "successors" to the estate). Nor is Audrey, without a property interest in the Estate, interested in the Estate's management. For these reasons

and based upon the causes for removal, there is no "particular purpose" for a petition for removal for cause that would grant Audrey standing.

¶33 For these reasons, Audrey lacked standing to petition for removal for cause. Although the District Court's reasoning was incorrect, it reached this conclusion. As such, we affirm the District Court's order insofar as it decided that Audrey did not have standing to bring a petition for removal of the personal representative for cause. *Dewey v. Stringer*, 2014 MT 136, ¶ 16, 375 Mont. 176, 325 P.3d 1236 (stating that we "will not reverse a district court when it reaches the right result, even if it reached that result for the wrong reason").

## CONCLUSION

¶34 The District Court erred when it determined that Audrey would not succeed to the Estate if the Estate passed by intestacy. For this reason, it erred when it determined that Audrey lacked standing to contest the Will. The District Court also decided that Audrey was not a "person interested in the estate" with standing to petition for removal of a personal representative for cause. Although its reasoning was incorrect, this was the correct conclusion. For these reasons, we affirm in part and reverse in part.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
Justice Laurie McKinnon, dissenting.

¶35 I cannot subscribe to the Court's analysis under Issue One, although I agree that Appellants have stafnding to contest the decedent's will. Further, the Court's resolution of

13

Issue Two is inconsistent with its resolution of Issue One. I fail to understand how an "interested person" with standing to contest a will does not similarly have standing to petition for removal of a personal representative so designated because of provisions of that contested will. The Court's analysis is flawed: first, in its failure to correctly apply statutory distinctions between informal and formal probate; and second, in its attempt to distinguish "interested person" for purposes of a will contest from "person interested in the estate" under the removal statute.

¶36 These proceedings began on December 11, 2012 as an informal probate when Mark Wagner submitted a will to the Clerk of the District Court requesting that the Clerk issue a statement of informal probate, § 72-3-215, MCA, and that the Clerk informally appoint him as personal representative pursuant to the provisions of the will, §§ 72-3-221 through -225, MCA. After reviewing the will, finding that the application was complete, and determining that Mark Wagner was nominated as personal representative in the will, the Clerk granted both requests. As a result, the "[i]nformal probate [was] conclusive as to all persons *until superseded by an order in a formal testacy proceeding*." Section 72-3-215(2), MCA. (Emphasis added.)

¶37 On May 16, 2013, pursuant to the provisions of § 72-3-301, MCA, allowing for formal testacy, Appellants filed a petition to convert the informal probate to a formal probate and requested that "the Court restrain the personal representative's further administration of this estate in accordance with Mont. Code Ann. 72-3-304." Appellants' petition for formal probate requested relief pursuant to § 72-3-301(1)(a), MCA: that the court issue an "order as

14

to the testacy of the decedent in relation to a particular instrument . . . and determin[e] the heirs." As a basis for their petition, Appellants stated:

> Petitioner requests to convert it to formal and set aside the informal probate proceedings for the reason that she questions the validity of the Last Will and Testament of Dennis Lawlor as it was executed less than thirty-six (36) hours before his passing. The Will was executed on December 6, 2012 and Dennis Lawlor died on December 7, 2012. In addition, Dennis was under the supervision of co-guardians and co-conservators, one of which drafted the Will and one of which is a witness to the Will as well as named Personal Representative. Petitioner does not believe that the decedent was competent at the time of executing said Will as the decedent suffered from, amongst other things, dementia, delirium and delusions, as set forth in the Petition for the Appointment of Guardianship and Conservatorship filed by John Wagner and Mark Wagner on June 14th, 2011 in Flathead County District Court and as further set forth in a letter from Dr. Michael R. Butz, licensed Psychologist, dated June 15, 2012. The Petition and letter are attached hereto as Exhibit A and B to this Brief.

The petition for formal probate, which may only be filed by an "interested person," was uncontested. Appellants specifically requested relief pursuant to § 72-3-304, MCA. On October 21, 2013, Appellants filed their motion to remove Mark Wagner as personal representative of the estate.

¶38 Section 72-3-302, MCA, explains that "[a] formal testacy proceeding is litigation to determine whether a decedent left a valid will." As a result of an order granting formal probate, an informally probated will no longer "is conclusive as to all persons," § 72-3-215(2), MCA, and a "previously appointed personal representative, after receipt of notice of the commencement of a formal probate proceeding, shall refrain from exercising the personal representative's power to make any further distribution of the estate during the pendency of the formal proceeding," § 72-3-304, MCA.

15

¶39 On January 3, 2014, the District Court, after noting there was no objection from the personal representative or other devisees, issued an order converting the proceeding from an informal probate to formal probate. The court also restrained the personal representative from exercising his power to make further distributions pursuant to § 72-3-304, MCA.

¶40 With these statutory provisions in mind, we must consider whether Appellants had standing to contest the will and standing to request removal of the Mark Wagner as the personal representative. The Court correctly applies rules of intestacy to conclude that Audrey is an heir of the Estate if the will is invalidated. As the Court observes, "Audrey would stand to gain from invalidation of the Will and probate in intestacy . . . [therefore] she is an interested person with standing to contest the Will." Opinion, ¶ 20.

¶41 However, the Court's reasoning that follows is flawed, and its subsequent conclusion that Appellants may not petition for removal is incorrect. Despite the Court having found that Audrey "would stand to gain" as an heir, Opinion, ¶ 20, the Court finds that she "does not have a . . . property interest in the Estate," Opinion, ¶ 25. The Court concludes, in violation of the above statutory provisions, that "[t]he *pending* will contest does not change this presumption of testacy, § 72-3-215(2), MCA, and does not otherwise create a property right upon which standing can be based." Opinion, ¶ 27. Not only does this misconstrue statutory provisions as explained above, but it is inconsistent with the Court's conclusion that Audrey has standing to contest the will. The Court states that "Audrey has no interest in the outcome of the petition for removal for cause," and that she has stated "no 'particular purpose' for a petition for removal for cause that would grant Audrey standing." Opinion, ¶ 32. However, Audrey has alleged causes of action against the Wagners that include

16

tortious interference with a business relationship and constructive fraud, that the Wagners exercised undue influence over the decedent in the Will's execution, that the Wagners gave themselves $180,000 of the estate prior to the decedent's death, and that the Wagners deeded half the estate's real and personal property to themselves. The Appellants assert that Mark Wagner cannot investigate the claims against himself and will not investigate the claims against his brother.

¶42 Cause for removal pursuant to § 72-3-526(2), MCA, exists when, among other things, the personal representative has a conflict of interest with the Estate. *In re Estate of Peterson*, 265 Mont. 104, 108-09, 874 P.2d 1230, 1232-33 (1994); *In re Estate of Jones*, 93 P.3d 147, 156 (Wash. 2004) (citing *In re Estate of Rohrback*, 952 P.2d 87, 89 (Or. Ct. App. 1998) and *Genins v. Boyd*, 305 S.E.2d 391, 392 (Ga. Ct. App. 1983)). Appellants have presented prima facie evidence in support of their removal request. As they have an interest in preserving the Estate as disinherited heirs in a will contest proceeding, they have standing to request removal of the personal representative. *In re Estate of Hitchcock*, 167 P.3d 1180, 1183 (Wash. Ct. App. 2007) (under Washington statute, heir has standing to petition for removal of personal representative). Appellants seek to protect their interests in the event the Will is invalidated. In light of the Court's conclusion that "interested person" and "person interested in the estate" are synonymous, a determination that Appellants lack standing to pursue removal of the personal representative is nonsensical.

¶43 Where, as here, a disinherited heir contests the validity of a will and argues for removal of the personal representative, presenting prima facie evidence of both, the

17

disinherited heir is a person interested in the estate and has standing to contest the validity of the will and to request removal of the personal representative.

¶44 I would reverse the District Court on both issues.

/S/ LAURIE McKINNON

Justice Patricia Cotter joins the dissent.

/S/ PATRICIA COTTER